**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| The Right Reverend Charles G. vonRosenberg, individually and in his capacity as the former Provisional Bishop of The Episcopal Church in South Carolina and The Right Reverend Gladstone B. Adams, III, individually and in his capacity as the Provisional Bishop of The Episcopal Church in South Carolina, | ) ) ) ) ) ) )     **CASE NO: 2:13-cv-00587-CWH** |
| Plaintiffs, | ) )     **RULE 26(f) REPORT** |
| v. | ) ) |
| The Right Reverend Mark J. Lawrence and John Does numbers 1-10, being fictitious defendants whose names presently are unknown to Plaintiffs and will be added by amendment when ascertained, | ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26.03 of the Local Rules of the District Court of South Carolina, and the Court's Pre-Scheduling Order, dated April 19, 2017 (ECF No. 70), Plaintiffs The Right Reverend Charles G. vonRosenberg ("Bishop vonRosenberg") and the Right Reverend Gladstone B. Adams, III ("Bishop Adams") hereby submit the following report:

**<u>Rule 26(f)</u>**

**(1)**     *Conference Timing*

Not applicable. The Court's Pre-Scheduling Order, dated April 19, 2017 (ECF No. 70), relieved the parties of the obligation to participate in a conference.

**(2)**     *Conference Content*

1

Not applicable. The Court's Pre-Scheduling Order, dated April 19, 2017 (ECF No. 70), relieved the parties of the obligation to participate in a conference.

### Rule 26(f)(3)

**(A)**     *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

The Court's Pre-Scheduling Order, dated April 19, 2017 (ECF No. 70), provided that initial disclosures under Rule 26(a)(1) shall be made by the Plaintiffs within 30 days of that Order, and by the Defendant within 45 days of that Order.

No further changes are requested.

**(B)**     *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

The subjects on which discovery is needed include evidence of Bishop Lawrence's, and those under his control, false and misleading advertisements, statements, and representations, and the harm resulting therefrom.

Discovery shall be conducted in accordance with the Court's Order, dated March 22, 2017 (ECF No. 64), which provides as follows: "The parties agreed, with the Court's permission, to adopt all state court discovery with the exception of that specified in this Order. The Court grants eighty days from today for the parties to conduct additional discovery."

However, either party may make a request to the Court for additional time for discovery, if needed.

**(C)**    *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

None.

**(D)**    *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

None.

**(E)**    *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

None.

**(F)**    *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

None.

**Local Rule 26.03**

**(1)**    *A short statement of the facts of the case.*

Bishop Lawrence is a former bishop of a diocese of The Episcopal Church.  He was removed from that position and succeeded by Bishop vonRosenberg (who was later succeeded by Bishop Adams), by the authority of The Episcopal Church.  Bishop Lawrence nevertheless continues to act as if he were still the "Bishop" of an "Episcopal" "Diocese" in a variety of contexts and ways in interstate commerce.  In so doing, Bishop Lawrence is making false and misleading advertisements, promotions, statements, and

representations that are confusing and misleading the public and are irreparably harmful to Bishop vonRosenberg and Bishop Adams.

(2)     *The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.*

Plaintiff Bishop vonRosenberg, who, in summary, is likely to offer testimony regarding his experiences as the Bishop of The Episcopal Church in South Carolina from 2013 to 2016, and the harm caused to him by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Plaintiff Bishop Adams, who, in summary, is likely to offer testimony regarding his experiences, since 2016, as the Bishop of The Episcopal Church in South Carolina, and the harm caused to him by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Dr. Walter Edgar, who, in summary, is likely to offer testimony regarding American History, including the history of its religious institutions, including the history of The Episcopal Church and the history of its diocese in South Carolina, including the historic usage, meaning, pubic understanding, and control of the names and marks used by The Episcopal Church and its dioceses, including the words "Bishop," "Episcopal," and "Diocese."

Paul B. Nix, who, in summary, is likely to offer testimony regarding The Episcopal Church's names, marks, and registrations and its control and use of the same, its hierarchical and interstate structure and governance, the religious services it provides

to the public, including through its dioceses and parishes, the role and authority of its bishops, its removal of Bishop Lawrence as a bishop of its diocese, and its approval and installation of Bishop vonRosenberg, and his successor Bishop Adams, as bishops of its diocese.

Adam Chud, who, in summary, is likely to offer testimony regarding The Episcopal Church's federal trademark registrations.

The Venerable Callie Walpole, who, in summary, is likely to offer testimony regarding her experiences as the Arch Deacon of The Episcopal Church in South Carolina and as Vicar and Subdean of Grace Church Cathedral, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

The Right Reverend W. Andrew Waldo, who, in summary, is likely to offer testimony regarding his experiences as the Bishop of The Episcopal Church's Upper Diocese of South Carolina, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

The Right Reverend John Buchanan, who, in summary, is likely to offer testimony regarding his experiences as a retired Bishop of The Episcopal Church's Diocese of Western Missouri, The Episcopal Church's hierarchical and interstate structure and governance, the religious services it provides to the public, including through its dioceses and parishes, and the role and authority of its bishops, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and

misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

The Right Reverend J. Neil Alexander who, in summary, is likely to offer testimony regarding his experiences as Dean of the School of Theology at The University of the South and as a retired Bishop of The Episcopal Church's Diocese of Atlanta, and information regarding the history of The Episcopal Church and its hierarchical and interstate structure and governance, the religious services it provides to the public, including through its dioceses and parishes, and the role and authority of its bishops, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

The Very Reverend J. Michael A. Wright, who, in summary, is likely to offer testimony regarding his experiences as Dean of Grace Church Cathedral, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Holly Behre, who, in summary, is likely to offer testimony regarding her experiences as the Director of Communications for The Episcopal Church in South Carolina, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Andrea McKellar, who, in summary, is likely to offer testimony regarding her experiences on the staff of The Episcopal Church in South Carolina, and the harm caused

to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Lauren Kinard, who, in summary, is likely to offer testimony regarding her experiences as the Executive Assistant for Bishops vonRosenberg and Adams of The Episcopal Church in South Carolina, and the harm caused to Plaintiffs by Bishop Lawrence, and those under his control, making false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Michael H.C. McDowell, who, in summary, is likely to offer testimony regarding Bishop Lawrence's, and those under his control, false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom, including incidents in connection with the Citadel.

Susan Flanigan, who, in summary, is likely to offer testimony regarding Bishop Lawrence's, and those under his control, false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom, including incidents in connection with the Citadel.

Paul J. Curtin Jr., who, in summary, is likely to offer testimony regarding Bishop Lawrence's, and those under his control, false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Bishop Lawrence, whose testimony in the state case is likely to be offered in this case.

Nancy Armstrong, whose testimony in the state case is likely to be offered in this case.

Alonso Galvan, whose testimony in the state case is likely to be offered in this case.

Plaintiffs reserve the right to name other individuals, currently unknown, but who may be identified during the discovery process, who may testify regarding Bishop Lawrence's, and those under his control, false and misleading advertisements, statements, and representations, and the public confusion resulting therefrom.

Plaintiffs reserve the right to name other fact witnesses to be called upon completion of discovery.

(3)     *The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).*

Expert witnesses have not been identified.

Experts are likely to be offered in the subject matters and fields of history, religion, surveys, and false advertising, more specifically, including but not limited to, American history and the history of its religious institutions, including the history of The Episcopal Church and the history of its diocese in South Carolina, including the historic usage, meaning, pubic understanding, and control of the names and marks used by The Episcopal Church and its dioceses, including the words "Bishop," "Episcopal," and "Diocese"; the religion of The Episcopal Church and its hierarchical and interstate structure and governance, the religious services it provides to the public, including through its dioceses and parishes, and the role and authority of its bishops; and a consumer confusion survey demonstrating likely and actual confusion and deception

from false and misleading advertisements, statements, and representations by Bishop Lawrence and those under his control.

Plaintiffs reserve the right to name other expert witnesses upon completion of discovery.

**(4)**    *A summary of the claims or defenses with statutory and/or case citations supporting the same.*

This is an action for false and misleading advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

The cases supporting the Plaintiffs' position include, but are not limited to the following:

*Dixon v. Edwards*, 290 F.3d 699, 718 (4th Cir. 2002) ("[I]t was for the Episcopal Church to determine whether Bishop Dixon was acting within the bounds of her role as Bishop Pro Tempore of the Diocese of Washington.").

*Serbian Eastern Orthodox Diocese For United States of America and Canada v. Milivojevich*, 426 U.S. 696, 698 (1976).

*Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC*, 565 U.S. __, 132 S. Ct. 694, 704 (2012).

*Watson v. Jones*, 80 U.S. (13 Wall.) 679, 729 (1872).

*Purcell v Summers*, 145 F.2d 979, 991 (4th Cir. 1944) (holding that dissident members of a church "have no right to use the name of the organization from which they have withdrawn and thus hold themselves out to the community as a continuation of or as connected with that organization").

*Id.* at 989 ("The right to injunction does not depend upon the right to the use of the name but upon the right to be protected against its unfair use by others.").

*Id.* at 990 ("Of course, the finding of the South Carolina court that the use of the name of the old organization will not lead to confusion is a pure finding of fact; and for reasons heretofore stated we have no doubt that our conclusion that it will lead to confusion is correct . . . Where the principle of *res adjudicata* does not apply, we are not bound by the findings of fact of a state court, even if the evidence is the same."

*Pom Wonderful LLC v. Coca-Cola Co.*, 573 U.S. __ (2014) (slip op. at 3) (holding that a Lanham Act false advertising claim "goes beyond trademark protection").

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 280 (4th Cir. 2002) ("[T]he relevant issue in a false advertising case is the consumer's reaction to the advertisement as a whole and in context.").

**(5)**      *Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures, and (b) completion of discovery.*

Plaintiffs' propose that expert disclosures shall be due on July 27, 2017 for the Plaintiffs and August 26, 2017 for Defendant.  This proposal would allow the Plaintiffs 45 days after the completion of the 80-day discovery period, which began on March 22, 2017 and ends on June 12, 2017, to review the discovery materials, identify and hire necessary experts, and provide their experts with a reasonable amount of time to prepare their expert reports.  Defendant would then have another 30 days thereafter to do the same.

Discovery shall be completed in accordance with the Court's Order, dated March

22, 2017 (ECF No. 64), which provided as follows: "The parties agreed, with the Court's permission, to adopt all state court discovery with the exception of that specified in this Order. The Court grants eighty days from today for the parties to conduct additional discovery."

However, either party may make a request to the Court for additional time for discovery, if needed.

**(6)**     *Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).*

None.

**(7)**     *Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.*

As set forth in Local Rule 16.01, such additional information includes the following:

(1)     *Notice to counsel that Local Civ. Rule 26.03 (D.S.C.) lists additional queries to be answered in the Fed. R. Civ. P. 26(f) report and that the Court's general practices as to scheduling orders and conferences are addressed by Local Civ. Rule 16.02 (D.S.C.).*

Such notice is hereby provided.

(2)     *Any special instructions for submission of the Fed. R. Civ. P. 26(f) report requested by the assigned judge.*

None.

(3)     *Information regarding the availability of alternative dispute resolution and whether mediation is required.*

None.

(4)     *A directive that plaintiff's counsel shall initiate scheduling of the Fed. R. Civ. P. 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.*

Such directive is hereby provided.

(5)     *The notice of right to consent to trial before a magistrate judge as discussed in Local Civ. Rules 73.02(B)(1), 73.03 (D.S.C.).*

Such notice is hereby provided.

Dated:  May 19, 2017                                Respectfully submitted,

                                                    */s/ Thomas S. Tisdale*
                                                    ─────────────────────────
                                                    Thomas S. Tisdale, Fed. Bar No. 4106
                                                    Jason S. Smith, Fed. Bar No. 11387
                                                    HELLMAN YATES & TISDALE
                                                    105 Broad Street, Third Floor
                                                    Charleston, South Carolina  29401
                                                    Telephone:  (843) 266-9099
                                                    Facsimile:  (843) 266-9188
                                                    tst@hellmanyates.com
                                                    js@hellmanyates.com

*Counsel for Plaintiffs the Right Reverend Charles G. vonRosenberg*
*and the Right Reverend Gladstone B. Adams, III*