IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Right Reverend Charles G. vonRosenberg, *individually and in his capacity as the former Provisional Bishop of The Episcopal Church in South Carolina,* and the Right Reverend Gladstone B. Adams, III, *individually and in his capacity as the Provisional Bishop of The Episcopal Church in South Carolina,*<br><br>Plaintiffs,<br><br>v.<br><br>The Right Reverend Mark J. Lawrence and John Does numbers 1–10, *being fictitious defendants whose names presently are unknown to Plaintiffs and will be added by amendment when ascertained,*<br><br>Defendants. | Civil Action No. 2:13-587-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on The Episcopal Church's motion for leave to intervene as Plaintiff-in-Intervention under Rule 24 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the motion for leave to intervene.

**I.   Background**

Bishop vonRosenberg alleges that The Episcopal Church removed Bishop Lawrence as the Bishop of the Diocese of South Carolina and installed Bishop vonRosenberg in his place. Bishop Lawrence denies that he was removed, instead contending the Diocese of South Carolina withdrew from The Episcopal Church. On January 4, 2013, the Diocese of South Carolina and certain associated churches and parishes sued The Episcopal Church in the Dorchester County Court of Common Pleas, arguing the Diocese had dissociated from The Episcopal Church and seeking "resolution of their real and personal property rights." The property at issue included the Diocese's

-1-

service marks, which the state-court plaintiffs alleged The Episcopal Church had used in violation of South Carolina law. The Episcopal Church filed an answer and counterclaims, including claims of trademark infringement and dilution under the Lanham Act. Neither Bishop Lawrence nor Bishop vonRosenberg is a party to the state action and no Lanham Act false advertising claim against Bishop Lawrence is before the state court.

On March 5, 2013, Bishop vonRosenberg filed this federal action, alleging Bishop Lawrence's continued assertions that he remains the Bishop of the Diocese was false advertising in violation of the Lanham Act. In response, Bishop Lawrence asked this Court to abstain in favor of the state proceeding. In August 2013, this Court granted Bishop Lawrence's motion to abstain and dismissed the case.

Meanwhile, on February 3, 2015, the state court issued a final order in favor of the Diocese. (Dkt. No. 86-6.) It held that the Diocese had validly dissociated from The Episcopal Church and therefore owned the property at issue in the litigation, including the service marks. The state court permanently enjoined The Episcopal Church and its agents from using the Diocese's marks. The Diocese appealed to the South Carolina Court of Appeals on March 24, 2015.[1]

Shortly thereafter, on March 31, 2015, the Fourth Circuit vacated the Court's dismissal and remanded for determination of whether "exceptional" circumstances under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), justified abstention. On remand, this Court again abstained, staying the federal proceeding until the conclusion of the state action. Bishop vonRosenberg again appealed and on February 21, 2017, the Fourth Circuit again vacated the Court's order. The mandate issued on March 15, 2017, and Bishop vonRosenberg shortly

---

[1] The appeal was transferred to the South Carolina Supreme Court under Rule 204(b), SCACR.

thereafter filed an amended complaint, rewording certain allegations and adding his successor, Bishop Adams, as a Plaintiff.

On August 2, 2017, the South Carolina Supreme Court held The Episcopal Church owned most of the property at issue, reversing the Court of Common Pleas. *The Protestant Episcopal Church in the Diocese of S.C. v. The Episcopal Church*, No. 2015-000622, 2017 WL 3274123 (S.C. Aug. 2, 2017). On the issue of service marks the court was fragmented, with Acting Justice Pleicones and Justice Hearn finding the trial court erred in holding the Diocese's state-registered trademarks prevail over The Episcopal Church's federal trademarks, Chief Justice Beatty expressing no opinion because the issue should be decided in this pending federal proceeding, and Acting Justice Toal and Justice Kittredge finding that the Diocese's service marks are validly registered under state law but that determination of the effect of federal trademark law on the marks should be decided in this pending federal proceeding. A petition for rehearing is expected by September 1, 2017.

On August 8, 2017, this Court entered a scheduling order, providing that discovery shall be completed by December 2017 and that this case is subject to being called for trial in March 2018. On August 15, 2017, The Episcopal Church moved for leave to intervene of right or, alternatively, for permissive intervention. (Dkt. No. 83.) Bishop Lawrence opposes intervention.

**II.     Legal Standard**

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest

in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion for leave to intervene as a matter of right. *See NAACP v. New York*, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion under Rule 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

### III. Discussion

The Episcopal Church argues it may intervene of right because it has timely applied to intervene, because it has an interest in the subject matter of this litigation, because denial of intervention would impair its interest, and because its interest is not adequately represented by Plaintiffs. Defendant opposes intervention. For the reasons that follow, the Court rules The Episcopal Church may intervene of right in this matter. Because the Court holds The Episcopal Church may intervene of right under Rule 24(a), it does not reach the parties' alternative arguments about permissive intervention under Rule 24(b).

Before applying the requirements for intervention of right under Rule 24(b) to this case, the Court briefly addresses an argument raised at length by Defendant. Defendant argues

intervention should be denied because a prior state court adjudication bars The Episcopal Church's proposed claims. (*See* Dkt. No. 86 at 7–12.) To the extent Defendant means the Dorchester County Court of Common Pleas has actually enjoined The Episcopal Church from asserting its proposed claims in federal court, his objection is erroneous because a state court cannot enjoin a plaintiff from prosecuting an action in a federal court having jurisdiction over the parties and the subject matter. *See Donovan v. City of Dallas*, 377 U.S. 408, 412–13 (1964). To the extent Defendant means The Episcopal Church cannot succeed on the merits in this matter because of prior state-court rulings, his objection is misplaced at this time. Substantial likelihood of success on the merits is not a requirement for intervention. If Defendant believes prior state court adjudications are fatal to The Episcopal Church's proposed claims, he may so move after a complaint-in-intervention is filed.

### A. Timeliness

The Episcopal Church moves to intervene over four years after this litigation was initiated. It nevertheless argues its motion to for leave to intervene is timely because "[c]ourts assess the timeliness requirement by looking at 'how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene.'" (Dkt. No. 83-1 at 6 (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).) The Court agrees. As the Fourth Circuit has stated, "[t]he purpose of the requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001). This case is not within sight of the terminal. The amended complaint was answered a mere four months ago and the first scheduling order was entered a mere two weeks ago. The Episcopal Church moved to intervene within one week of the entry of the scheduling order.

Moreover, Defendant's vehement objections to the timing of the motion for leave to intervene must be taken with a grain of salt. Defendant moved for abstention, seeking dismissal or alternatively a stay, on March 28, 2013. After the Fourth Circuit vacated the order granting that motion, Defendant again moved for abstention, again seeking dismissal or alternatively a stay, on June 30, 2015. After that order was again vacated by the Fourth Circuit, Defendant first answered the complaint on April 11, 2017. The four years of delay preceding his answer to the complaint occurred on Defendant's motion. He cannot now claim he is prejudiced by the delay he requested.

The Court therefore finds the motion for leave to intervene to be timely filed.

## B.  Interest in the Litigation

The Episcopal Church argues it has an interest in this litigation because this suit "arises out of Defendant Lawrence's misuse of marks owned by the Church." (Dkt. No. 83-1 at 8.) Whether marks have been "misused" is of course undetermined at this time, but, without question, this suit involves Defendant's right to use marks The Episcopal Church claims to own. The Episcopal Church therefore has an interest in this litigation. Defendant's contrary argument under the heading "Whether [The Episcopal Church] has interest in the pending litigation is trivial in determining whether [The Episcopal Church's] motion to intervene is proper" is opaque and does not appear directly to claim The Episcopal Church does not have an interest in this litigation. (*See* Dkt. No. 86 at 15–16.)

## C.  Impairment of Interest

Defendant argues that disposition of this litigation without The Episcopal Church's intervention would not practically disadvantage The Episcopal Church in protecting its interests in this litigation because it can file a separate action against Defendant. The Court finds that argument unpersuasive. If the Court were to rule in The Episcopal Church's absence that Defendant has a right to use marks The Episcopal Church claims to own, The Episcopal Church's

interest in those marks clearly would be impaired. The Episcopal Church's interests therefore would be impaired if intervention were denied. Indeed, it is likely The Episcopal Church is a necessary party in this matter because the complaint alleges The Episcopal Church owns the marks at issue (*see* Dkt. No. 65 ¶¶ 28, 29) and the only cause of action asserted arises under the Lanham Act. *See* Kim J. Landsman, Daniel C. Glazer, Irene C. Treloar, *Standing and Joinder Considerations in Trademark Litigation and Licenses*, 99 Trademark Rep. 1437, 1449 n.51 (2009) (collecting numerous cases holding that a trademark licensor must be joined as a necessary and indispensable party in Lanham Act claims brought by licensees).

## D. Adequate Representation

Defendant argues Plaintiffs adequately represent The Episcopal Church's interests because they have the same objective as The Episcopal Church, and "when the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." (Dkt. No. 86 (quoting *Virginia v. Westinghouse Elec. Corp.*, 542 F.d2 214, 216 (4th Cir. 1976).) Certainly, The Episcopal Church has not demonstrated adversity of interest, collusion, or nonfeasance by Plaintiffs, but that is not necessary because The Episcopal Church does not have the same objectives as Plaintiffs. The Episcopal Church proposes to assert claims Plaintiffs have not made and cannot make, such as trademark infringement claims and trademark dilution claims. *See* 15 U.S.C. §§ 1114(1) & 1125(c)(1). Plaintiffs therefore cannot adequately represent The Episcopal Church's interests in those claims.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** The Episcopal Church's motion for leave to intervene (Dkt. No. 83) under Rule 24(a) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 23, 2017
Charleston, South Carolina