**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| The Right Reverend Charles G. vonRosenberg, individually and in his capacity as the former Provisional Bishop of The Episcopal Church in South Carolina and The Right Reverend Gladstone B. Adams, III, individually and in his capacity as the Provisional Bishop of The Episcopal Church in South Carolina,<br>Plaintiffs,<br><br>The Episcopal Church,<br><br>Plaintiff in Intervention<br><br>The Episcopal Church in South Carolina,<br><br>Plaintiff in Intervention<br>vs.<br><br>The Right Reverend Mark J. Lawrence, The corporation currently calling itself "The Protestant Episcopal Church in the Diocese of South Carolina", et al.<br>Defendants. | **CIVIL ACTION NUMBER:**<br>**2:13-cv-00587-RMG**<br><br><br>**DEFENDANT, THE VESTRY AND CHURCH WARDENS OF THE EPISCOPAL CHURCH OF THE PARISH OF ST. HELENA AND THE PARISH CHURCH OF ST. HELENA TRUST'S ANSWER TO THIRD AMENDED COMPLAINT BY BISHOPS VONROSENBERG AND ADAMS & INTERVENOR THE EPISCOPAL CHURCH IN SOUTH CAROLINA**<br><br>**JURY TRIAL DEMANDED** |

Defendant, The Vestry and Church Wardens of the Episcopal Church of the Parish of St. Helena and the Parish Church of St. Helena Trust (hereinafter Parish of St. Helena), hereby submits its Answer to the Third Amended Complaint by Bishops VonRosenberg and Adams and Intervenor The Episcopal Church in South Carolina (collectively, "Plaintiffs") as follows:

1.    Parish of St. Helena denies each allegation in the Third Amended Complaint not hereinafter specifically admitted, modified, or qualified.

2.    The introductory paragraph of the Third Amended Complaint contains a description of Plaintiffs' claims, which does not require a response.

3.        All the allegations in Paragraph 1 are denied.  As further response to Paragraph 1. Parish of St. Helena is, and holds itself out to be, the The Vestry and Church Wardens of the Episcopal Church of the Parish of St. Helena and the Parish Church of St. Helena Trust, and associated with the Diocese of South Carolina, which was founded in 1785, prior to the formation of Intervening Plaintiff The Protestant Episcopal Church in the United States of America (hereinafter the "national Episcopal Church").  The Diocese of South Carolina (hereinafter "The Diocese") correctly and lawfully dissociated from the national Episcopal Church in 2012.  In the five years since that time, Parish of St. Helena understands that Defendant Bishop Mark J. Lawrence ("Bishop Lawrence") has consistently confirmed that although he is the Bishop of The Diocese, he is not affiliated with, and is not a bishop of, the national Episcopal Church.

4.        Parish of St. Helena denies the allegations in Paragraph 2.

5.        Parish of St. Helena denies the allegations of Paragraph 3 that Bishop vonRosenberg has suffered past or continuing harm and is entitled to relief. Additionally, Bishop vonRosenberg has no standing to assert any claims of any kind against Parish of St. Helena.

6.        Parish of St. Helena admits in allegations of Paragraph 4 that Bishop Adams is Bishop vonRosenberg's successor in the South Carolina unincorporated association created in 2013 self-described as "The Episcopal Church in South Carolina" and that Bishop Adams is a citizen of the United States and a resident of South Carolina.

7.        The allegations of Paragraph 5 are denied except that Parish of St. Helena admits that Bishop Lawrence is a citizen of the United States and a resident of South Carolina as alleged in paragraph 5.

8.        Parish of St. Helena denies the allegation of Paragraph 6.

9.      Parish of St. Helena denies the allegations of Paragraph 7. As a further response to Paragraph 7, Parish of St. Helena understands that Bishop Lawrence is, and holds himself out to be, the 14th Bishop of the Protestant Episcopal Church in the Diocese of South Carolina, which was founded in 1785, prior to the formation of Intervening Plaintiff The Protestant Episcopal Church in the United States of America (hereinafter the "national Episcopal Church").  The Protestant Episcopal Church in the Diocese of South Carolina (hereinafter "The Diocese") correctly and lawfully dissociated from the national Episcopal Church in 2012, and in the more than five years since that time,  Bishop Lawrence has consistently confirmed that although he is Bishop of The Diocese, he is not affiliated with, and is not a bishop of, the national Episcopal Church.

10.      Parish of St. Helena denies the allegations in Paragraph 8 except that it admits that the Trustees of the Protestant Episcopal Church in South Carolina was incorporated by the South Carolina General Assembly for the entities and purposes stated in the statutes in 1880 and 1902.

11.      Parish of St. Helena denies the allegations in Paragraph 9 except that it admits the entities listed in Paragraph 9 to the extent they existed were members of the Protestant Episcopal Church in the Diocese of South Carolina before and after its withdrawal from the national Episcopal Church.  Parish is not and has never been affiliated with or a member of Intervenor The Episcopal Church in South Carolina.

12.      The allegations in Paragraph 10 are legal conclusions that do not require a response.

13.      Responding to Paragraph 11, Parish of St. Helena denies that the Third Amended Complaint properly pleads a cause of action under the Lanham Act.

14.     Parish of St. Helena denies the allegation of Paragraphs 12, 13, 14, and 15 in that the Plaintiffs have no standing to assert any Lanham Act claims and therefore this Honorable Court has no jurisdiction over Parish of St. Helena.

15.     Parish of St. Helena denies the allegations in Paragraph 16 except it admits the national Episcopal Church is an unincorporated association having its headquarters in New York, New York.

16.     Parish of St. Helena denies the allegation of Paragraphs 17, 18,, and 19.

17.     As to Paragraph 20, historically, the national Episcopal Church had documents entitled Constitution and Canons which it held out as its governing rules.

18.      Parish of St. Helena denies the allegation of Paragraphs 21.

19.     Parish of St. Helena denies the allegations in Paragraphs 22 and 23 except that because the national Episcopal Church is an unincorporated association headquartered in New York, its member dioceses and member Bishops are located in various parts of the United States.

20.     Parish of St. Helena denies the allegations in Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43.

21.     In answering Paragraph 44, 45, 46, and 47, Parish of St. Helena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in those Paragraphs 44, 45, 46, and 47.

22.     Parish of St. Helena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 48.

23.     In answering Paragraph 49 Parish of St. Helena admits that Bishop Adams has held himself out as the Provisional Bishop of diocese self-described as The Episcopal Church in South Carolina from September 26, 2016 to present.

24.     Parish of St. Helena lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

25.     Parish of St. Helena denies the allegation of Paragraphs 51, 52, 53, 54, 55, 56, and 57 except that Parish of St. Helena admits that Bishop Lawrence was elected as the Bishop of The Diocese in 2008 when The Diocese was a member of the national Episcopal Church, and that he continues to serve as The Diocese's Bishop since its disassociation from the national Episcopal Church.

26.      Parish of St. Helena denies the allegations in Paragraph 58 except  that it admits that Bishop Lawrence is no longer a bishop in the national Episcopal Church.

27.     Parish of St. Helena denies the allegations of Paragraphs 59, 60, 61, 62, 63, 64, 65, and 66.

28.     In answering Paragraph 67, Parish of St. Helena admits that The Diocese's 1973 corporate charter contained the language as stated therein.  Parish of St. Helena denies the other allegations in Paragraph 67.

29.     Parish of St. Helena denies the allegations of Paragraphs 68, 69, 70, and 71.

30.     Parish of St. Helena denies the allegations of Paragraph 72.

31.     Parish of St. Helena denies the allegations of Paragraphs 73 and 74.

32.     In answering Paragraph 75, Parish of St. Helena admits Bishop vonRosenberg and Bishop Adams held themselves out  as Provisional Bishops of the national Episcopal Church in South Carolina, but it is denied that their service is in any way connected with The Diocese.

33.     Parish of St. Helena denies the allegations of Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, and 101.

34.     Parish of St. Helena denies the allegations of Paragraph 102.

35.     Parish of St. Helena denies the allegations of Paragraph 103.  As further response, Parish understands The Diocese applied for and registered four marks with the South Carolina Secretary of State upon which a South Carolina state court issued a final order holding that The Diocese, consistent with South Carolina law, owned these marks.  This issue was appealed in the South Carolina Supreme Court which did not reverse the trial court's order on the service marks.

36.     Parish of St. Helena denies the allegations of Paragraph 104.

37.     Parish of St. Helena denies the allegations of Paragraph 105, but admits that The Diocese has used these South Carolina registered marks as authorized by the state courts Preliminary Injunction and then later the trial court's Permanent Injunction, which was affirmed by the South Carolina State Supreme Court.

38.     Parish of St. Helena denies the allegations of Paragraph 106, 107, 108, 109, 110, 111, and 112.

39.     Parish of St. Helena denies the allegations of Paragraph 113.

40.     Parish of St. Helena denies the allegations of Paragraph 114.  As further response, Parish understands The Diocese applied for and registered four marks with the South Carolina Secretary of State upon which a South Carolina state court issued a final order holding that The Diocese, consistent with South Carolina law, owned these marks.  This issue was appealed in the South Carolina Supreme Court, which did not reverse the trial court's order on the service marks.

41.     Parish of St. Helena denies the allegations of Paragraph 115.

42.     Parish of St. Helena denies the allegations of Paragraph 116.

43.     Parish of St. Helena denies the allegations of Paragraph 117.

44.     As to the allegations set forth under the "Prayer for Relief" such are denied in that the Plaintiffs' claims are without any merit.

## FIRST DEFENSE
### (Failure to State a Cause of Action)

45.     Plaintiffs are entitled to no relief because the allegations of the Third Amended

Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Misrepresentation)

46.     Plaintiffs knowingly and deliberately misrepresented material facts to Parish of St.

Helena, and concealed material facts from Parish of St. Helena, and therefore are entitled to no

relief.

## THIRD DEFENSE
### (Estoppel)

47.     Plaintiffs, by their own misconduct, are estopped to seek the relief as alleged in

their Third Amended Complaint.

## FOURTH DEFENSE
### (Unclean Hands)

48.     Plaintiffs' claims for relief are barred by the equitable doctrine of unclean hands,

as Plaintiff Bishops seek to invoke the equitable jurisdiction of this Court in aid of their wrongful

conduct.

## FIFTH DEFENSE
### (No Justiciable Controversy)

49.     Plaintiffs have failed to show the existence of an actual, justiciable case or

controversy between Plaintiff Bishops and Parish of St. Helena.

## SIXTH DEFENSE
### (Non-Ownership of Trademarks)

50.     Plaintiffs are not the true and lawful owners of the names, marks, and trademarks upon which they base their claims, and they therefore are entitled to no relief.

## SEVENTH DEFENSE
### (Statute of Limitations)

51.     The Plaintiffs' claims are barred by applicable statutes of limitations.

## EIGHTH DEFENSE
### (Acquiescence)

52.     Plaintiffs are barred from relief because of their acquiescence to the use of the designations by Parish of St. Helena and others.

## NINTH DEFENSE
### (Failure to Enforce)

53.     Plaintiffs are barred from recovery against Parish of St. Helena due to Plaintiffs' failure to enforce their putative rights against third parties that have made identical or similar statements and/or used identical or similar designations they now claim to be false or misleading.

## TENTH DEFENSE
### (Lack of Standing)

54.     Plaintiffs lack standing to assert the claim(s) set forth in the Third Amended Complaint by virtue of, *inter alia*, their being employees or former employees or agents of the real party/parties in interest to Lanham Act Section 43(a) claim(s) and the alleged injuries, if any, having been incurred by their employers or former employers and not by Plaintiffs.  Additionally,

the injuries and damages alleged by the Plaintiffs relate to their offices held in connection with the real parties in interest, as opposed to being individual damages, and consequently Plaintiffs lack standing.

## ELEVENTH DEFENSE
### (Res Judicata)

55.     Plaintiffs are barred by the doctrine of *res judicata* by the February 3, 2015 Final Order of the Court of Common Pleas for the First Judicial Circuit in the State of South Carolina arising out of the claims decided in that civil action.

## TWELFTH DEFENSE

### (Collateral Estoppel)

56.     Plaintiffs are barred by the doctrine of collateral estoppel arising out of issues decided in the February 3, 2015 Final Order of the Court of Common Pleas for the First Judicial Circuit in the State of South Carolina.

## THIRTEENTH DEFENSE
### (Priority of Defendant in the Geographical Territory - Concurrent Use)

57.     The Diocese and the Parish of St. Helena, as the first users as among the parties of the accused designations in the State of South Carolina or a relevant territory therein, own and or possess priority to the accused designations and confusingly similar terms, and Plaintiffs and/or their employers are junior users in the territory.  The use of the accused designations by the Diocese and or any of the parishes are lawful and appropriate.  More specifically, with respect to the Parish of St. Helena, the term "Episcopal" has been part of its corporate name since 1786, prior to the formation of the national Episcopal Church, by virtue of Act No. 1339 (1786) of the Legislature of South Carolina, which Acts provide that Parish of St. Helena shall be and is hereby declared for

ever hereafter by name to be "The Vestry and Church Wardens of the Episcopal Church of The Parish of St. Helena." Because the Diocese and many of the parishes, including the Parish of St. Helena, are the prior users of the accused terms or derivations thereof in the territory, Plaintiffs are the infringers, or at best Plaintiffs should be deemed concurrent user(s) with The Diocese and parishes, including the Parish of St. Helena, in a territory to be apportioned by the Court.

## FOURTEENTH DEFENSE
### (U.S. Const. amend. X)

58.    The Vestry and Church Wardens of the Episcopal Church of The Parish of St. Helena was chartered by virtue of Act No 1339 of the Legislature of South Carolina which Act provides that the Parish of St. Helena shall be and is hereby declared for ever hereafter by name to be the Parish of St. Helena. The power to name a corporation in the grant of a corporate charter is "not delegated to the United States by the Constitution, nor prohibited by it to the States" and is thus, reserved to the States, including the State of South Carolina, under the Tenth Amendment to the United States Constitution. U.S. Const. amend. X. Application of the Lanham Act or other federal statute to prevent the use, granted the Parish of St. Helena by the South Carolina Legislature corporate charter, of the term "Episcopal" to use and identify the Parish of St. Helena would violate the Tenth Amendment to the United States Constitution and long-standing principles of federalism.

## FIFTEENTH DEFENSE

59.    In the event any confusion exists, such was specifically created and promulgated by the Plaintiffs.

## SIXTEENTH DEFENSE
### (Genericness)

60.    Parish of St. Helena cannot be held liable for trademark infringement or dilution as the pleaded designations: (a) are generic terms inherently incapable of having trademark

significance; and (b) have become generic terms through extensive use by third parties, which use is not controlled by or associated with the national Episcopal Church.

### SEVENTEENTH DEFENSE
#### (the national Episcopal Church's rights are limited and inferior to The Diocese of South Carolina's and Parishes' superior common law rights)

61.    The Final Order of the South Carolina Circuit Court dated February 3, 2015 in Civil Action No. 2013-CP-18-00013, was affirmed, in part, by the South Carolina Supreme Court.  That Final Order found that the names and marks of the Protestant Episcopal Church in the Diocese of South Carolina (The Diocese) were used prior to the formulation of the national Episcopal Church, are owned by The Diocese over which Bishop Lawrence presides, and were not derived from the national Episcopal Church's marks.  Accordingly, as The Diocese and Parishes have valid common law trademark ownership over the identifying names and marks, the national Episcopal Church's federally registered marks are limited and subject to The Diocese's and the Parishes' superior common law rights.

### EIGHTEENTH DEFENSE
#### (Preclusion)

62.    The national Episcopal Church's alleged incontestability rights are limited, and do not grant priority against "a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark," 15 U.S.C. §1065.  The State Court's Final Order found that the names and marks of The Diocese of South Carolina were used prior to the formation of the national Episcopal Church, that they are owned by The Diocese, and that they are not derived from the national Episcopal Church's marks.  Accordingly, as The Diocese and Parishes have valid common law trademark ownership over the identifying names and marks, the national Episcopal Church's

federally registered marks are limited and subject to The Diocese's and the Parishes' superior common law rights. In addition, the Final Order holds that the word "episcopal" is not unique to the national Episcopal Church, nor was it first used by the national Episcopal Church. Accordingly, the national Episcopal Church is barred from successive litigation of an issue of fact or law naturally litigated and resolved in a valid court determination essential to the prior judgment, and therefore the national Episcopal Church's claim should be dismissed.

### NINETEENTH DEFENSE
### (Ownership of State Registered Trademarks)

63.    The Diocese applied for and registered four marks with the South Carolina Secretary of State upon which a South Carolina state court issued a final order holding that The Diocese, consistent with South Carolina law, owned these marks. This issue was appealed in the South Carolina Supreme Court which did not reverse the trial court's order on the service marks.

### RELIEF REQUESTED

64.    Based upon the foregoing, Defendant Parish of St. Helena respectfully requests that the Court: (1) Enter judgment dismissing each of Plaintiffs' claims with prejudice; and (2) Award such other and further relief as the Court may deem just and proper.

### ATTORNEYS' FEES AND COSTS

65.    Because of the deliberate and unreasonable actions of Plaintiffs, this matter should be designated an exceptional case, thereby entitling Defendant Parish of St. Helena to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Defendant Parish of St. Helena as a result of this case pursuant to 15 U.S.C. § 1117, and Defendant should be awarded such relief.

## JURY TRIAL DEMANDED

Parish of St. Helena demands a jury trial on all issues so triable.

Dated: July 16, 2018

/s/ *C. Alan Runyan*
C. Alan Runyan, Esq.
Andrew S. Platte, Esq.
RUNYAN & PLATTE, LLC
2015 Boundary Street, Suite 239
Beaufort, SC  2902
(843)-473-6800
*Counsel for  The Vestry and Church*
*Wardens of the Episcopal Church of the*
*Parish of St. Helena and the Parish Church*
*of St. Helena Trust*